# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY SPEIGHT and CARL SPEIGHT,<br>              Plaintiffs,<br><br>v.<br><br>CARLOS QUILES; DONALD BERGER; IVAN DELGADO; KENNETH LYONS; PETER LAX; TAK CUN LAM; CITY OF PHILADELPHIA; CITY OF PHILADELPHIA; JEWELL WILLIAMS; and RICHARD VERRECHIO,<br>              Defendants. | CIVIL ACTION<br><br><br>NO. 14-6760 |

## MEMORANDUM OPINION

This action arises out of the sheriff's sale of Plaintiffs' real estate for the nonpayment of taxes. At the time of the sale, Plaintiffs' names no longer were recorded as owners of the property because a fraudulent deed had been recorded showing their transfer of the property. As a result, Plaintiffs did not receive notice of the sheriff's sale. In this action, Plaintiffs seek a declaratory judgment establishing their continued ownership of the property, and directing the City of Philadelphia (the "City") to record a new deed reflecting their ownership and to quiet title to the property. Plaintiffs also seek damages from the City, from Jewell Williams who is the Philadelphia Sheriff, and from Richard Verrechio who is a captain in the Sheriff's office, for violations of their right to due process. These defendants have moved to dismiss the due process claims against them. Defendant Tak Cun Lam purchased the property in dispute at the sheriff's sale. He moves to dismiss the claims against him that seek a declaratory judgment and to quiet title as well as the claim styled "Claim in Equity." For the reasons discussed below, the motions are denied.

## I. BACKGROUND[1]

Prior to February 9, 2006, Plaintiffs were the joint owners of a property located at 918 East Chelten Avenue in Philadelphia, Pennsylvania (the "Property"). Am. Compl. ¶¶ 16, 18. According to the Complaint, on or about February 9, 2006, Defendants Kenneth Lyons, Ivan Delgado and Carlos Quiles fraudulently recorded a deed to the Property in the Philadelphia Department of Records, transferring it to Defendant Donald Berger, using forged documents. *Id*. ¶ 18. Plaintiffs had no knowledge of the transaction. *Id*. ¶ 19. The Philadelphia District Attorney became aware of the fraud, along with other fraudulent transfers of real property made by those defendants, and brought charges against them. *Id*. ¶ 21. Defendants Lyons, Delgado and Quiles each were convicted of felony theft charges and were sentenced to jail. *Id*. ¶¶ 24, 26, 28. Plaintiffs became aware of the fraudulent transaction on or about February 2009. *Id*. ¶ 21. On or about February 9, 2009, Berger was made aware by the Philadelphia Police and/or District Attorney that the transfer of the Property to him had been fraudulent. *Id*. ¶ 22.

On April 14, 2014, the City, acting through Williams and Verrechio, transferred the Property to Defendant Tak Cun Lam under a writ of Execution entered by the Philadelphia Court of Common Pleas in a case captioned, *City of Philadelphia v. Donald Berger*, No. 0446 (December 2012 Term). The City did not provide Plaintiffs with proper notice, and Plaintiffs did not give their permission for the sale. *Id*. ¶ 35.

---

[1] In determining the adequacy of a complaint, the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## II. ANALYSIS

### A  *The Claims Against Williams and Verrechio in Their Official Capacity*

Plaintiffs have sued Williams and Verrechio in both their personal and official capacities Am. Compl. ¶¶ 14-15.  A suit against a public official in his official capacity is "not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, any claims against them in their official capacity will be treated as claims against the municipal defendants.  *Kentucky v. Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

### B.  **Individual Capacity Claims and Claim Against the City**

Williams, Verrechio and the City (the "City Defendants") also move to dismiss Plaintiffs' remaining due process claims against them.  However, although their supporting memorandum contains authority on the legal standard for motions to dismiss, with the exception of a footnote on the official capacity issue, its approximately one-page argument contains no citation to legal authority in support of its position.  Rule 7.1 of the Eastern District of Pennsylvania Local Rules requires that "(e)very motion . . . shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."  The City Defendants' motion fails to comply with that requirement.  Accordingly, the motion will be denied.

### C.  *Lam's Motion to Dismiss*

Lam's memorandum in support of his motion to dismiss is largely copied from the City Defendants' memorandum and suffers from the same deficiency:  His brief cites to the legal standard governing motions to dismiss, but his one page argument regarding the due

process claim does not contain any supportive legal authority.[2] Thus, his motion, too, fails to comply with Local Rule 7.1. Accordingly, it will be denied.

Date: June 23, 2015

**BY THE COURT:**

/s/ Wendy Beetlestone

_____
**WENDY BEETLESTONE, J.**

---

[2] Lam's memorandum does contain one citation on the merits, but it is to *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), for the proposition that the official capacity claims against Defendants Williams' and Verrechio should be dismissed, and it has nothing to do with Lam's motion.